UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
: 
JERRY FUND, *et al.*, :
:
                                 Plaintiffs, :
:
              v. :
:
CITY OF NEW YORK, *et al.*, :
:
                                Defendants. :
:
------------------------------------------------------- X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED:  July 18, 2014

14 Civ. 2958 (KPF)

<u>OPINION AND ORDER</u>

KATHERINE POLK FAILLA, District Judge:

    In the May 19, 2014 Opinion and Order in this action, the Court concluded that it was required to abstain under *Younger* v. *Harris*, 401 U.S. 37 (1971). The Court ordered the parties to brief whether this action should be dismissed in consequence. (Dkt. #5 at 31). Having considered the parties' subsequent submissions, the Court concludes that Plaintiffs' claims for declaratory and injunctive relief will be dismissed and their claim for money damages will be stayed.

    The Second Circuit has explained that while dismissal may be appropriate for "claims for declaratory and injunctive relief" under *Younger*, "when damages are sought … a stay of the action pending resolution of the state proceeding" is likely the appropriate remedy. *Kirschner* v. *Klemons*, 225 F.3d 227, 235 (2d Cir. 2000) (citing *Samuels* v. *Mackell*, 401 U.S. 66, 73 (1971)). Plaintiffs point out that their Complaint "contains a damages claim … as well as claims for equitable relief." (Dkt. #21). Accordingly, though

Plaintiffs' claims for injunctive and declaratory relief must be dismissed, the Court will stay this action with respect to the money damages claim pending resolution of the New York City Human Rights Commission proceeding and subsequent state court proceedings.

Plaintiffs raise two objections.[1]  First, they protest that *Younger* abstention may not be applied to a claim for declaratory relief.  (Dkt. #23).  But the Second Circuit has held exactly to the contrary: "[t]he *Younger* doctrine is as applicable to suits for declaratory relief as it is to those for injunctive relief." *Kirschner*, 224 F.3d at 235 (citing *Samuels*, 401 U.S. at 73).  Second, Plaintiffs argue that discovery "may not be available" in a state court appeal of the Commission's ruling and fairness requires permitting them to pursue their money damages claim at once.  But the Second Circuit has concluded that a stay of a money damages claim in federal court was appropriate even when damages themselves might be categorically unavailable in a pending state court proceeding. *Kirschner*, 225 F.3d at 238-39.  If Plaintiffs lack the full array of tools available to them in federal court while they pursue their rights in the state courts, they can anticipate receiving those benefits once more when those proceedings conclude.

Therefore, pursuant to *Younger* v. *Harris*, the Court hereby DISMISSES Plaintiffs' claims for declaratory and injunctive relief, and STAYS their claim for money damages.  The parties are hereby ORDERED to file a joint status letter

---

[1] Plaintiffs also complained that they should have better notice of and opportunity to respond to the City's position regarding a stay.  The Court denied that application by endorsement on July 17, 2014.  (Dkt. #26).

by **January 19, 2015**, and every 120 days thereafter, regarding the status of the Commission and state court proceedings.

    The Clerk of Court is respectfully directed to place this case on the suspense calendar.

    SO ORDERED.

Dated:    July 18, 2014
             New York, New York

                                            KATHERINE POLK FAILLA
                                            United States District Judge